JACOB McCRAW v. MAGGIE GILMER, Adm'x.

*Claim and Delivery—Unconditional Sale.*

A practising attorney offers to the plaintiff that if he will send him a cow, he will perform certain professional services for him (plaintiff); before the services can be performed the attorney dies; *Held,* that it was an unconditional sale, and in an action of claim and delivery for the cow against the personal representative of the attorney, the plaintiff could not recover.

CIVIL ACTION of claim and delivery, begun before a justice of the peace and tried on appeal at Spring Term, 1880, of SURRY Superior Court, before *Buxton, J.*

A jury trial was waived by the parties and by consent the case was tried by His Honor upon the following state of facts: The intestate of the defendant was a practising attorney in the county of Surry and sent to the plaintiff a letter as follows, to-wit:

Oct. 25th, 1877.                           Mount Airy, N. C.
· MR. JACOB McCRAW—*Sir :*

If you will send me the cow I will save you eighteen dollars in the settlement of the case against your son, and I think with some effort and trouble I can save you even more than that, which I will do for you. Your wife told me that was what you wanted with the money.

(Signed)                    Yours respectfully,

James C. Gilmer.

In consequence of the offer made in this letter, the cow within a few days after its receipt by McCraw, was sent to the house of J. C. Gilmer, who by reason of sickness of which he shortly afterwards died, was unable to attend the next term of the court, and failed to take any steps towards reducing the costs referred to in the letter, and the costs in full were collected out of the plaintiff by due process of law.

The cow was worth eighteen dollars and is still in the possession of the defendant, who claims her as belonging to the estate of her testator, J. C. Gilmer.

After paying the costs, the plaintiff demanded the cow of the defendant before bringing suit, and offered to take eighteen dollars for her, but failing to get either cow or money, instituted this action. The estate of Gilmer is insolvent.

The plaintiff claimed that the sale was conditional, dependent upon the performance of services by Mr. Gilmer, which were never performed, and that he was entitled to recover possession of the cow. The defendant, on the other hand, contended that the sale was absolute and that the title passed with the delivery, and that she was entitled to retain the possession. Judgment was rendered in behalf of the plaintiff, from which the defendant appealed.

No counsel for plaintiff.
*Messrs. Watson & Glenn*, for defendant.

Ashe, J. This court cannot take into its consideration the fact of the insolvency of the defendant. The sole question is, did the title to the cow pass absolutely to the defendant's intestate with the delivery of her to him, or was the sale conditional, and did the title remain in the vendor.

There is error in the judgment of the court below. We are unable to discover the conditional character of the transaction. It is an absolute unconditional sale of the cow. The defendant says to the plaintiff, send me your cow and I will perform for you certain services. The cow is sent, is delivered upon this contract into the actual possession of the defendant's intestate. There is no more condition in this sale than in the ordinary sale of a chattel on a credit; as where one buys a horse and promises to pay the price at a future day, and the horse upon the faith of the promise is at once delivered into the possession of the vendee, it never has been contended that on failure of the vendee to pay on the day agreed upon, that the vendor could retake the horse or maintain an action for it, for it is well settled in such a case that by the delivery of the horse into the actual possession of the vendee, the title of the vendor is gone and the horse has become the property of the vendee, and the vendor has agreed to take for it the vendee's promise to pay the

price. So that if the vendee fail to pay at the time agreed, the vendor's remedy is limited to an action for the breach of that promise, the damages for the breach being the amount of the price promised with interest. Benjamin on Sales, 622, 625.

There is error. The judgment in the court below is reversed. Let this be certified to the superior court of Surry county, that further proceedings may be had in conformity to this opinion and the law.

Error.                                    Reversed.